IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 26-cv-05828-PAB

KEVING EDUARDO SIERRA YANEZ,

Petitioner,

v.

WARDEN, DENVER CONTRACT DETENTION FACILITY,

Respondent.

---

**ORDER**

---

This matter comes before the Court on petitioner Keving Eduardo Sierra Yanez's pro se Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Docket No. 1], petitioner's Emergency Motion to Expedite Habeas Proceedings and For Prompt Response [Docket No. 3], petitioner's Motion to Preserve Custody in Colorado and For Expedited Notice of Any Proposed Transfer [Docket No. 4], and petitioner's Emergency Motion for Temporary Restraining Order (Rule 65)—Transfer Only [Docket No. 5]. Respondent filed a response. Docket No. 10.

## I. BACKGROUND[1]

Petitioner[2] is a native of Colombia. *See* Docket No. 1-1 at 16. An immigration judge ordered him removed on September 28, 2026, and he timely filed his appeal to the Board of Immigration Appeals ("BIA") and paid the filing fee. Docket No. 1 at 2-3.

---

[1] The following facts are undisputed unless otherwise noted.

[2] Because petitioner is proceeding pro se, his filings are liberally construed. *See Hall v. Bellman*, 935 F.2d 1106, 1110 (10th Cir. 1991).

On November 2, 2026, petitioner was taken into immigration custody "while voluntarily appearing for a required appointment under the Intensive Supervision Appearance Program (ISAP)."[3] *Id.* at 5. Petitioner alleges that he has "complied with his reporting and supervision requirements and had not been informed of any ISAP violation." *Id.*

On November 4, 2026, petitioner filed a habeas application, challenging, among other things, his "unlawful immigration detention" in violation of his Fifth Amendment procedural due process rights. *Id.* at 2, 9. For relief, petitioner seeks his immediate release from detention. *Id.* at 4.

On November 13, 2026, respondent filed a response, indicating that he "is not submitting a brief in opposition to the Petition." Docket No. 8. Respondent acknowledges that the Court may grant relief, and notes that, if it does so, "the appropriate relief would be an Order directing that Respondent, within seven days of this Court's Order, release Petitioner from detention." *Id.* (citing *Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026)).

## II. ANALYSIS

As an initial matter, although petitioner notes that he filed an appeal to the BIA, which suggests that he is not subject to a final order of removal, he explains that he has received no confirmation that the appeal was filed. Docket No. 1 at 2, 6-7. Thus, he questions whether his detention is governed by 8 U.S.C. § 1226(a) or 8 U.S.C. § 1231. *Id.* at 8. "[N]oncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject to § 1226(a) (and thus eligible for bond)."

[3] Caselaw indicates that the Intensive Supervision Appearance Program imposes conditions when a noncitizen is released on his own recognizance. *See Maestre-Jimenez v. Baltazar*, No. 26-cv-01782-CNS, 2026 WL 1346180, at *2 (D. Colo. May 14, 2026).

*Santillan Quiroz*, 180 F.4th at 1237. The Court will analyze whether petitioner's detention is proper under § 1226(a).

The Court considers petitioner's due process claim. Pursuant to *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976), the court considers the following in weighing a due process claim:

> First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

Given that a "person's physical freedom is the most elemental of liberty interests," *see Granillo Chavarria v. Baltazar*, 824 F. Supp. 3d 1170, 1174 (D. Colo. 2026) (internal quotation and citation omitted), the first factor weighs in favor of petitioner.

Relevant to the second factor is the fact that petitioner was in ISAP, which indicates that he was previously released on his own recognizance. In releasing petitioner, respondent necessarily determined that petitioner was not a danger to the community or a flight risk. *See Ekenge v. Baltazar*, 26-cv-00630-SBP, 2026 WL 617341, at *5 (D. Colo. Mar. 5, 2026). Respondent does not state why petitioner was re-detained at his ISAP check-in. *See generally* Docket No. 10. Where respondent has provided no change in circumstances that alters the initial determination that petitioner is not a danger to the community or a flight risk, there is a significant risk of the erroneous deprivation of petitioner's liberty interest. *See Ekenge*, 2026 WL 617341, at *5 (finding that the "risk of erroneous deprivation is also considerable" where "[i]t appears to be undisputed that Petitioner was previously released after it was determined he was not a danger to the community or a flight risk"); *Perez-Cifuentes v.*

*Warden, Denver Contract Detention Center Denver Field Office Director*, No. 26-cv-02371-NRN, 2026 WL 1733489, at *3 (D. Colo. June 16, 2026) (finding that "the risk of erroneous deprivation is considerable" where petitioner was previously released on his own recognizance and respondents "do not contest, that at the time of his detention, there had not been a material change in circumstances") (alteration, internal quotation, and citation omitted); *Uzcategui v. Brooksby,* 2026 WL 622751, at *11 (D. Utah Mar. 5, 2026) (finding that the second *Mathews* factor weighs in favor of petitioner because "civil immigration detention, which is 'nonpunitive in purpose and effect' is typically justified under the Due Process Clause only when a noncitizen presents a risk of flight or danger to the community," "Federal Respondents do not contend that [petitioner] is or was a flight risk or a danger to the community," and petitioner was previously released on parole) (citing *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001)). "A re-detention, without any individualized assessment, leads to a high risk of erroneous deprivation of an individual's liberty interest." *Orellana v. Noem*, 807 F. Supp. 3d 745, 754 (W.D. Ky. 2025). The Court finds that the second *Mathews* factor weighs in favor of petitioner.

Regarding the third factor, "the government clearly has an interest in enforcing immigration laws, but [the government's] interest in detaining petitioner without a warrant, notice to appear, or any justifiable reasonable explanation for [his] detention is low." *See Uzcategui*, 2026 WL 622751, at *11 (internal quotation and citation omitted); *cf. L.G. v. Choate*, 744 F. Supp. 3d 1172, 1185 (D. Colo. 2024) ("It would stand to reason if a noncitizen was neither a flight risk nor dangerous, there would be no government or public interest in detention."). Furthermore, the Court finds that the fiscal and administrative burdens associated with evaluating whether a change in

circumstance justifies petitioner's re-detention is low when compared to petitioner's interest in being free from the erroneous deprivation of his liberty. *See Ekenge,* 2026 WL 617341, at *5 ("The Government's interest in re-detaining non-citizens previously released without a hearing is low and any costs are far outweighed by the risk of erroneous deprivation of the liberty interest at issue.") (alterations and citation omitted). Accordingly, the third *Mathews* factor weighs in favor of petitioner.

Pursuant to *Mathews*, the Court finds that petitioner's due process rights were violated. Respondent provides no argument to the contrary. *See generally* Docket No. 10. Respondent also does not contend that petitioner is a flight risk or danger to the community or provide a reason detaining petitioner at his ISAP check-in. Thus, the Court will grant the habeas petition and order petitioner's immediate release with the same conditions of release that were imposed during petitioner's initial release.[4] *See Perez-Cifuentes*, 2026 WL 1733489, at *3, *5 ("As to the appropriate remedy, the Court finds that Petitioner is entitled to immediate release. Petitioner was released from the custody of the [Office of Refugee Resettlement] in 2021 and he has since remained at liberty relying on that determination" and ordering that respondents may "not impose any additional restrictions" on petitioner) (internal quotations and citation omitted); *Murzi v. Noem*, No. 26-cv-00359-CNS, 2026 WL 395111, at *2 (D. Colo. Feb. 12, 2026) ("Immediate release is the appropriate remedy. To be released on conditional parole/own recognizance, there must be a finding that the immigrant does not pose a risk of flight or danger to the community and Respondents do not otherwise argue that

[4] Because the Court will grant the habeas petition on the basis that respondent violated petitioner's due process rights, it will not consider petitioner's other claims.

Petitioner poses such risk or danger" and ordering that respondents "may not impose any conditions of release or supervision that were not imposed in the original grant of parole") (internal quotation and citation omitted); *Ekenge*, 2026 WL 617341, at *7 ("other courts have found that . . . releasing a petitioner immediately remains the appropriate approach, at least where no evidence has been provided that the petitioner violated the conditions of his release pursuant to an OREC or similar status, [or] where little or no evidence has been provided in support of respondents' claims as to what the petitioner's conditions of release are").

## III. CONCLUSION

Therefore, it is

**ORDERED** that petitioner Keving Eduardo Sierra Yanez's Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Docket No. 1] is **GRANTED**. It is further

**ORDERED** that respondent shall release petitioner from custody within **48 hours** of the issuance of this order pursuant to the conditions of petitioner's ISAP release. It is further

**ORDERED** that respondent shall file a status report within **four days** of the issuance of this order confirming that petitioner was released from custody. It is further

**ORDERED** that petitioner's Emergency Motion to Expedite Habeas Proceedings and For Prompt Response [Docket No. 3] is **DENIED as moot.** It is further

**ORDERED** that petitioner's Motion to Preserve Custody in Colorado and For Expedited Notice of Any Proposed Transfer [Docket No. 4] is **DENIED as moot.** It is further

**ORDERED** that petitioner's Emergency Motion for Temporary Restraining Order (Rule 65)—Transfer Only [Docket No. 5] is **DENIED as moot.**

DATED November 23, 2026.

BY THE COURT:

PHILIP A. BRIMMER
United States District Judge